UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JUNIOR JUMPP,<br>    *Petitioner*,<br><br>    v.<br><br>ANNE M. COURNOYER and<br>SCOTT SEMPLE,<br>    *Respondents*. | Civil Case Number:<br><br>3:15-cv-00892 (VLB)<br><br>June 30, 2016 |

### Memorandum of Decision

Junior Jumpp, pro se and incarcerated at the Cheshire Correction Institution in Cheshire, Connecticut, petitions for writ of habeas of corpus pursuant to 28 U.S.C. § 2254. He argues that the sentencing court erred by relying on his youthful offender adjudication and that his counsel was ineffective for failing to raise this claim. Jumpp raises both of these claims in a state habeas corpus proceeding, but that proceeding remains pending. The issue is whether the state proceeding is so deficient as to render futile Jumpp's efforts to obtain relief. It is not. The delay is attributable to Jumpp, not the State. Jumpp waited 569 days after his conviction became final before raising his claims (in a second habeas corpus petition). He waited almost a year to respond to the requests necessary to address his motion for appointment of counsel. He has not filed any motions to expedite the state proceeding. These claims could have been remedied more efficiently by appeal or motion to correct an illegal sentence. The Court thus dismisses the petition without prejudice to refiling once the claims are exhausted in state court.

## Factual and Procedural Background

In Connecticut state court, Jumpp pleaded guilty to threatening and illegal possession of a firearm in a motor vehicle. *State v. Jumpp*, Dkt. No. H14H-CR11-0653409-S, *available at* http://www.jud2.ct.gov/crdockets (last visited June 30, 2016). On January 12, 2012, he was principally sentenced to five years' imprisonment, execution suspended after three years' imprisonment, to be followed by three years' probation. *Id.* Jumpp did not appeal, so his conviction became final on February 1, 2012. ECF No. 1 at 3. While Jumpp was released twenty-two months after being sentenced, he later pleaded guilty to violating the terms of his probation and in March 2015 was sentenced to two years' imprisonment. *Jumpp*, Dkt. No. H14H-CR11-0653409-S.

Jumpp argued in a state habeas petition that the sentencing court imposed an illegal sentence by sentencing him to a term of incarceration over the legal limit, a claim not relevant here. ECF No. 23-5 at 22–29. The petition was dismissed, *id.* at 34, and the state appellate courts affirmed the dismissal, *Jumpp v. Comm'r of Corr.*, 153 Conn.App. 912 (2014), *aff'd*, 315 Conn. 913 (2015). In a second habeas petition dated August 23, 2013, Jumpp argued, in relevant part, that the sentencing court erred by relying on his youthful offender adjudication and that his counsel was ineffective for failing to raise this claim. ECF No. 23-11 at 31. Shortly after receiving his filing, the state court referred his case to the Office of the Chief Public Defender. ECF No. 23-12. But Jumpp failed to respond to that office's "repeated requests" for information. ECF No. 23-13. Jumpp's counsel filed a notice of

appearance in September 2014.  *See Jumpp v. Warden, State Prison*, TSR-CV13-4005680-S, *available at http://civilinquiry.jud.ct.gov/GetDocket.aspx* (last visited June 30, 2016).  The pleadings closed in February 2015, and a trial was scheduled for October 2016.  *Id.*  The last docket activity occurred in January 2016.  *Id.*

In a Section 2254 petition dated May 15, 2015, Jumpp raises the claims raised in his second state habeas petition—those are, the sentencing court erred by relying on his youthful offender adjudication and that his counsel was ineffective for failing to raise this claim.[1]  ECF Nos. 1, 1-1, 1-2.  Jumpp acknowledges that these claims are unexhausted, but argues that "they scheduled a trial date for (3) yrs later to purposely prolong the case under 10/31/2016 when it should not take that long as filed in 2013."  ECF No. 1 at 6.  In response to this Court's order to show cause, Jumpp reiterates his argument that three years is too long to adjudicate his claims.[2]

---

[1] Respondent does not construe Jumpp to be raising a claim for ineffective assistance of counsel.  ECF No. 24 at 11 ("In his petition, the petitioner raises a single ground for relief—that the sentencing court violated his constitutional rights by considering his youthful offender record when imposing the sentence.").  The Court disagrees because Jumpp states "failure of due process and [double jeopardy] an[d] [ineffective] assistance counsel" in his state habeas petition, attached to his initial filings in this Court.  ECF No. 1-2 at 25.  This ineffective assistance claim is so intertwined with the clearly identified claim that liberal construction requires the Court to construe him to also be raising an ineffective assistance claim.  Conversely, the Court does not construe Jumpp to be raising the other claims from his second state habeas petition because those claims are unrelated to his youthful offender adjudication, the only claim asserted in his form petitions.  But even assuming that he is also raising those claims, it would not alter this Court's ruling because those claims are also pending in state court.

[2] The Court's show-cause order also ordered him to explain why the Section 2254 petition should not be dismissed as time-barred.  ECF No. 7.  Contrary to the Court's initial calculation, the petition is timely because the Court was unaware of the earlier filed state habeas petition, filed before the expiration of the one-year deadline.

ECF No. 8. Respondent moves to dismiss for failure to exhaust, arguing that the delay is not substantial enough to constitute inordinate delay and that some of the delay is attributable to Jumpp. ECF No. 24 at 14–16. In opposition, Jumpp reiterates his objection and adds that his attack will be moot by the time the case proceeds to trial. ECF No. 26.

## Legal Discussion

A state habeas petitioner first must exhaust his state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b)(1)(A). A constitutional claim is not exhausted until it has been "fairly presented" in state court. *Bierenbaum v. Graham*, 607 F.3d 36, 47 (2d Cir. 2010) (citing *Baldwin v. Reese*, 541 U.S. 27, 29 (2004)). A claim is fairly presented if the highest state court was appraised of both the factual and legal bases for the claim, such that "the nature of the claim" was likely to "alert the court to the claim's federal nature." *Carvajal v. Artus*, 633 F.3d 95, 104 (2d Cir. 2011) (quotation marks omitted). A claim remains unexhausted, rather than procedurally defaulted, if the petitioner can still raise his claim in state court. *See Galdamez v. Keane*, 394 F.3d 68, 73–74 (2d Cir.), *cert. denied*, 544 U.S. 1025 (2005).

But the exhaustion requirement may be overcome if the petitioner establishes futility. Exhaustion is futile if "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i)-(ii). In other words, there must be *no opportunity* to obtain redress in state court or the state

4

process must be *so clearly deficient* as to render *futile* any effort to obtain relief. *See Duckworth v. Serrano,* 454 U.S. 1, 3 (1981) (per curiam).  The Second Circuit has found that futility may arise in cases of inordinate delay.  *See, e.g., Cody v. Henderson*, 936 F.2d 715, 718 (2d Cir. 1991) (nine-and-one-half-years delay); *Mathis v. Hood*, 851 F.2d 612, 614 (2d Cir. 1988) (six-year delay).  The Second Circuit has refused to set any definitive amount of time that would constitute sufficient delay. *Simmons v. Reynolds,* 898 F.2d 865, 870 (2d Cir. 1990).  A district court in this Circuit also has found the futility exception applies when exhaustion would effectively moot the present claims for relief.  *See Hill v. Mance*, 598 F. Supp.2d 371, 375-76 (W.D.N.Y. 2009).  In both cases, however, the absence of state corrective process must be attributable to the state, not the petitioner.  *Cf. Brown v. Scully*, 1987 WL 15901, at *2 (E.D.N.Y. Aug. 5, 1987).

  The parties do not dispute that the claims are unexhausted, that those claims may be raised in state court, and that the process is now properly being utilized. The issue is whether Jumpp has demonstrated that the state corrective process is so clearly deficient as to render futile any effort to obtain relief.  He has not.  He offers two reasons, but neither are persuasive.

  Jumpp first argues that a delay of three years is too long, implying both that the process was unreasonably delayed and that it was unreasonably long.  Jumpp fails on either count.  The three-year delay cannot be attributed to the State.  The state habeas court attempted to appoint counsel, yet Jumpp failed to respond to that office's "repeated requests" for information.  Because of Jumpp's repeated

5

lack of diligence in failing to prosecute his case by responding, counsel could not be appointed until September 2014, approximately a year after Jumpp first filed his petition. A trial is set for October 2016. The state habeas proceeding appears to be moving along at a normal pace: the pleadings were closed several months after Jumpp's counsel filed a notice of appearance, a scheduling order setting an October 2016 trial date was issued, and there has been docket activity as recently as January 2016. The only delay apparent from the state court docket is the delay occasioned by Jumpp's failure to prosecute. Nothing on the record in the state proceeding indicates that the case did not proceed timely in the ordinary course.

The Court cannot say that two years is too long a period to resolve Jumpp's habeas petition. Jumpp raises more than one claim, and the state court has set a trial date, implying the need to resolve factual disputes. Congress has set a goal that federal courts resolve cases within three years of the date they are filed. 28 U.S.C. § 476(a)(3). Even with Jumpp's failure to prosecute for a year, the case is on schedule to be resolved within that time standard. By that standard, the State's disposition of a case within two years is imminently reasonable. Finally, Jumpp did not move to expedite his state case before invoking this Court's jurisdiction. *Cf. Mathis*, 851 F.2d at 614 (ruling that exhaustion would be futile because common law writ of *error coram nobis* could not remedy the state appellate delay).

Jumpp's second argument is that the current schedule effectively moots his claims. The Court disagrees, even assuming that Jumpp will be released from prison before his habeas proceeding goes to trial. *See Levine v. Apker,* 455 F.3d

6

71, 77 (2d Cir.2006) (holding that case or controversy exists where favorable appellate decision might prompt district court to "modify the length of [defendant's] supervised release").  Even if his claims do become moot, neither the State's inherent adjudication process or its processing of this particular case is at fault.  Jumpp waited 569 days after his conviction became final before raising his claims (in a second habeas corpus petition).  He waited almost a year to respond to the requests necessary to address his motion for appointment of counsel.  He has not filed any motions to expedite the state proceeding.  These claims could have been remedied more efficiently by appeal or motion to correct an illegal sentence.

## Conclusion

The Court dismisses the Section 2254 petition without prejudice to refiling upon exhaustion of his state court remedies.  The Court denies a certificate of appealability because jurists of reason would not find this procedural ruling debatable.  *See Slack v. McDaniel*, 529 U.S. 473 (2000).  The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith.

IT IS SO ORDERED.

       /s       
Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: June 30, 2016